UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSIE EDMOND SILVERMAN,<br>Individually and as Executor<br>of the Estate of Eric J.<br>Silverman, Deceased, | ) <br> ) <br> ) <br> ) <br> ) | CASE NO.1:08CV02577 |
| Plaintiff, | ) <br> ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) <br> ) | |
| UNITED STATES OF AMERICA,<br>et al., | ) <br> ) | OPINION AND ORDER |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Defendant United States of America's Motion to Dismiss. (ECF No. 7.)  For the following reasons, the motion is denied.

Plaintiff Josie Edmond Silverman, alleges medical malpractice, loss of consortium, and wrongful death resulting from medical treatment provided to decedent, Eric J. Silverman, by the Department of Veterans Affairs.  For purposes of this opinion, the survivorship personal injury claim will be referred to as the medical malpractice claim.  Defendant filed a Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims for loss of consortium and wrongful death due to Plaintiff's failure to timely exhaust administrative remedies before filing suit.  The Defendant contends that the medical malpractice claim is either barred by the statute of limitations or, alternatively, fails to state a claim upon which relief can be granted.  This opinion addresses only Plaintiff's medical malpractice claim.  Plaintiff did not file an independent administrative claim for loss of consortium, therefore, this claim has been withdrawn.  (Pl. Br. Opp. Mot. Dismiss 5.)  Plaintiff prematurely filed her wrongful death claim

against Defendant prior to exhausting her administrative remedies.  At a pretrial conference before the Court, it was agreed that Plaintiff would submit an administrative tort claim by submitting a Standard Form 95 on Plaintiff's wrongful death claim.   Until this issue is rectified, the Court does not have jurisdiction over the wrongful death claim.

## I. FACTS

Josie Edmond Silverman is the Plaintiff, as the duly appointed executrix of the estate of Eric J. Silverman, deceased.  (Compl ¶ 1.)  Eric Silverman was a veteran who was being treated at the Louis Stokes VA Medical Center in Cleveland, Ohio ("VA") for pulmonary problems.  A preliminary work-up, which included a chest film, showed an ill-defined density involving the posterior portion of the patient's lower right lung lobe.  (Def. Br. Supp. Mot. Dismiss 2.)

In March of 2004, Mr. Silverman underwent a bronchoscopy with trans-bronchial biopsy. *Id.*  Subsequently, Mr. Silverman was advised that no malignant cells had been identified in the biopsy.  On March 19, 2004, Mr. Silverman left the VA against medical advice.  (Def. Br. Supp. Mot. Dismiss Ex. B.)  He sought private treatment outside of the VA at Euclid and Hillcrest Hospitals.  Dr. Sanctoscoy of Hillcrest Hospital performed a mediastinoscopy and diagnosed Mr. Silverman with metastatic, non-small cell adenocarcinoma on July 27, 2006. (Pl.'s Br. Opp. Summ. J. Ex A.)  On May 11, 2007, Mr. Silverman died as a result of his cancer. (Pl.'s Br. Opp. Summ. J. 2.)

On November 8, 2006, pursuant to 28 U.S.C. §§ 1346(b) and 2675, Mr. Silverman filed an Administrative Tort Claim by submitting a Standard Form 95 to the Department of Health and Human Services and the VA.  Mr. Silverman's claim alleged personal injury due to medical malpractice that occurred as a result of the VA's medical staff's failure to timely diagnose and

treat his lung cancer. On May 1, 2008, this original claim and a request for reconsideration were administratively denied.

## II. LAW AND ANALYSIS

### A. Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and is granted when "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.,* 2007 U.S. Dist. LEXIS 62208 (N. D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id.* When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

Quite recently, the United States Supreme Court rendered its decision in *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937 (2009). The Court, by Justice Kennedy, discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

## B.  Plaintiff's Medical Malpractice Claim

Defendant requests the Court dismiss Plaintiff's medical malpractice claim.  Defendant argues Mr. Silverman deprived Defendant of the opportunity to diagnose any cancer, if it was present at the time, when he left the VA against medical advice.   Therefore, Defendant contends that the Court should dismiss the medical malpractice action because the proximate cause of Mr. Silverman's injury was his own failure to follow medical advice.  However, Plaintiff maintains that this argument is factual in nature and is more appropriate for a motion for summary judgment.  Plaintiff argues that individuals diagnosed with this type of lung cancer have a greater than fifty percent (50%) chance of being cured.  Therefore,  Plaintiff contends that if the VA had previously diagnosed Mr. Silverman with cancer, the lung cancer would not have metastasized.

The Court finds that this argument turns upon factual considerations; and therefore, is not appropriate for a motion to dismiss.  The Court may not consider extrinsic evidence in determining whether a complaint states a claim.  *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1971).  Defendants are, in effect, requesting the Court to make a factual determination as to whether Mr. Silverman's decision to leave the VA against medical advice affected the VA's ability  to properly diagnose and treat his cancer.  Plaintiffs argue that there is a genuine issue of material fact as to whether the medical staff at the VA informed Mr. Silverman he should undergo further testing.   Defendant contends Mr. Silverman refused to undergo any further work-up which would have involved a CT scan. On the other hand, Plaintiff argues the VA's staff informed Mr. Silverman that the CT was unnecessary.  The Court will allow Plaintiff the opportunity to gather facts and evidence to pursue her claim, and thus Defendant's motion to

dismiss for failure to state a claim upon which relief can be granted is denied.

Defendant argues, in the alternative, that Plaintiff's medical malpractice claim is barred by the statute of limitations.  However, Plaintiff contends that the Administrative Complaint was timely filed because the date of discovery of the cancer was July 27, 2006, which is within the two-year statute of limitations period.

Title 28 U.S.C. § 2401(b) provides: "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" Under this section, the "general rule" is that "a tort claim accrues at the time of the plaintiff's injury[.]" *U.S. v. Kubrick,* 444 U.S. 111, 120 (1979).  The Supreme Court reasoned that "accrual of a claim" does not "await awareness by the plaintiff that his injury was negligently inflicted." *Hertz v. United States,* 560 F.3d 616 (6th Cir. 2009) (quoting *U.S. v. Kubrick,* 444 U.S. 111, 123(1979)). Instead, a claim accrues at the time a plaintiff, "armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community." *Id.*  Defendant argues Mr. Silverman should have been aware from the persistence of his symptoms that he might have been misdiagnosed. Plaintiff maintains the claim did not accrue until the date the cancer was discovered because Mr. Silverman was unaware he had cancer, nor was he aware of any alleged misdiagnosis during his time at the VA..  The Sixth Circuit stated "the determination as to *when* a plaintiff has such knowledge [to protect himself by seeking advice in the medical and legal community] is necessarily fact-intensive." *Hertz v. United States*, 560 F.3d 616, 619 (6th Cir. 2009).  Therefore, the Court denies the Defendant's Motion to Dismiss because a factual inquiry is necessary to determine when Plaintiff's medical malpractice claim accrued.

IT IS SO ORDERED.

                                        <u>S/Christopher A. Boyko</u>
                                        CHRISTOPHER A. BOYKO
                                        United States District Judge

September 28, 2009